UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN GALEN McPHERSON,

Plaintiff,

v.                                                    CAUSE NO. 3:26-CV-399-GSL-JEM

PRINCE BONTENG,

Defendant.

OPINION AND ORDER

Jonathan Galen McPherson, a prisoner without a lawyer, filed a complaint

alleging a guard hit him in the mouth at the Indiana State Prison. ECF 1. "A document

filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations

omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a

prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.

McPherson alleges Officer Prince Boateng "used his hand cuffs as if they were

'brass-knuckles' and hit [him] in the mouth 2-3 times chipping three (3) of Plaintiff's

teeth, two (2) top front teeth and one (1) bottom front tooth" on October 8, 2025. ECF 1

at 10. Under the Eighth Amendment, inmates cannot be subjected to excessive force.

The "core requirement" for an excessive force claim is that the defendant "used force

not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation and internal quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* This complaint plausibly states a claim against Officer Boateng for an excessive use of force.

McPherson sues Warden Ron Neal because he "was responsible for the overall operations of the Indiana State Prison and for ensuring the safety and security of prison inmates." ECF 1 at 8. He sues officers Waldren, Maclin, Joseph Schnieder, Drapper, C. Chambers because they were "responsible for ensuring the safety and security of prison inmates and for ensuring my personal safety withing the facility were maintained in a safe environment." *Id*. Under 42 U.S.C. § 1983, there is no general supervisory liability. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This complaint does not state a claim against these six defendants.

McPherson sues all medical staff because they are "responsible for ensuring adequate medical treatment to prison inmates." ECF 1 at 9. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the

plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Moreover, the complaint does not plausibly allege that he was denied adequate medical treatment. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not state a claim against the medical staff.

McPherson sues D. Zaverl because this disciplinary hearing officer "was responsible for ensuring fair hearings and due process rights under the 14th Amend. U.S. Constitution to prison inmates." ECF 1 at 9. The complaint does not explain how this allegation is related to the excessive force claim. "[U]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th

3

Cir. 2007). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). However, even if it were related, the complaint does not plausibly allege McPherson was denied due process. This complaint does not state a claim against D. Zaverl.

For these reasons, the court:

(1) GRANTS Jonathan Galen McPherson leave to proceed against Officer Prince Boateng in his individual capacity for compensatory and punitive damages for using excessive force against him by hitting him in the mouth several times with handcuffs at the Indiana State Prison on October 8, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal, Waldren, Maclin, Joseph Schnieder, Drapper, C. Chambers, Staff, and D. Zaverl;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Prince Boateng at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

4

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Prince Boateng to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT